## Bartol Petition

*Frederick E. Lark* and *John L. Pipa, Jr.,* for petitioner.

*Robert V. Moser,* for respondent.

TROUTMAN, J., January 10, 1949.—On September 7, 1948, upon petition of Lawrence T. Bartol, a rule was granted directed to the Commissioners of Northumberland County, J. Edward Noll and the Herr Gas and Oil Company, to show cause why the sale of certain lots in Coal Township as property of the County of Northumberland should not be vacated, said rule being returnable September 27, 1948. On the return day, J. Edward Noll and the Herr Gas and Oil Company filed a motion to quash the rule granted on September 7, 1948, and, at the same time, filed an answer to the petition of Lawrence T. Bartol.

On October 18, 1948, a petition was presented to this court by Lawrence T. Bartol praying for a rule on J. Edward Noll and the Herr Gas and Oil Company to show cause why the motion to quash should not be stricken from the record for the reasons that the said motion was not filed by authority of any order of the court, that such filing without an order of court was in direct violation of the law and that said motion was

filed of record without notice to counsel for petitioner, Lawrence T. Bartol, and in direct violation of section 3 of Rule 30 of the Rules of the Court of Common Pleas of Northumberland County. A rule was issued on the said petition, returnable November 1, 1948, which is now before this court for disposition.

Under section 3 of Rule 30 of the Rules of the Court of Common Pleas of Northumberland County, it is provided that no motion will be entertained without due proof that notice of the time and place of making such motion has been duly given to the opposite party or counsel. Any motion made or decree entered in violation of this rule will be set aside at once on application and without hearing. It is admitted that no notice was given to the opposite party or counsel of the filing of the motion in question. The motion was not presented to the court and consequently no order was made on said motion.

The motion filed by respondents is a motion to quash the rule to show cause, which had been granted on September 7, 1948, and in support of the motion to quash avers that the court is without jurisdiction in this proceeding to vacate the sale and rescind its confirmation and that petitioner is not a proper party to institute an action to vacate the sale of the property. The matters contained in the motion are such as would form the basis of a demurrer to the rule.

All motions are of course but they are divided into motions peremptory and those requiring cause to be shown. The notice required under section 3, rule 30 of the rules of this court, while not so specifying, actually applies to motions which are peremptory in nature. If a motion is such as to require a rule to show cause, the service of the rule would give the opposite party sufficient notice to answer the same. A motion peremptory in nature is one which is absolute as soon as it is allowed and those which require a hearing and

decision by the court before being made absolute are those which require a rule to show cause. While it is quite difficult to classify rules which should be allowed by the court and those which are of course and peremptory, nevertheless, we are of the opinion that in a case such as this where a court has granted a rule on a petition presented to it, returnable to a day certain, it is improper practice to simply file a motion, as of course, in the office of the prothonotary without presenting the matter for the court's attention. Motions to quash writs have been classified as requiring an allowance by the court and a rule to show cause. See Woodward, Motions and Rules in Pennsylvania, p. 29. The instant motion should have been presented to the court with proper notice being given of the presentation of the same to counsel for the opposite party. The safest and best practice, where there is counsel of record, is to give notice of the presentation or filing of any motion or petitions.

We submit that it is not good practice to demur or move to quash a rule or motion. This is wholly unnecessary surplusage. Upon consideration of the rule, on petition and answer and testimony taken thereon, the court can then determine whether it is without jurisdiction, or whether petitioner is a proper party or whether it can grant the relief asked for under the rule. Upon consideration of the rule granted by this court on September 7, 1948, the court can then determine whether to discharge or make absolute the rule which has been granted. At the hearing on the rule counsel for respondents is privileged to raise any question pertaining to the jurisdiction of the court either of the parties or of the subject matter and any consideration pertaining to the power of the court to act in the matter may then be raised. To pass upon these matters now, on a motion to quash the rule, would simply incumber the record and make for an illogical

and unnecessary duplication. All these matters contained in the motion to quash may be raised upon consideration of the petition and answer. Therefore, the rule granted on the petition of Lawrence T. Bartol on October 18, 1948, to show cause why the motion to quash filed by J. Edward Noll and the Herr Gas and Oil Company on September 27, 1948, should not be stricken from the record, is made absolute.

### Order

And now, to wit, January 10, 1949, the rule granted on J. Edward Noll and the Herr Gas and Oil Company to show cause why the motion to quash filed on September 27, 1948, should not be stricken from the record, is hereby made absolute and the said motion to quash the rule to show cause why a sale of certain lots in Coal Township as property of the County of Northumberland should not be vacated, is hereby stricken from the record without prejudice to respondents to raise the matters contained in said motion upon the hearing of the aforementioned petition and rule and answer filed thereto.